UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| SANDRA K. NEWSOME, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7: 05-228-DCR |
| ) | |
| V. ) | |
| ) | |
| JO ANNE BARNHART, ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Sandra Newsome (Newsome) and Defendant Jo Anne Barnhart, Commissioner of Social Security (the Commissioner). [Record Nos. 9 and 10] Through this action, Newsome seeks to reverse the decision of an administrative law judge (ALJ) concluding that she was not entitled to Supplemental Security Income payments. However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Newsome.

**I.   BACKGROUND**

Newsome filed an application for Supplemental Security Income payments (SSI) on June 6, 2003. This claim was denied initially and upon reconsideration. Thereafter, Newsome requested a hearing before an ALJ. On August 24, 2004 ALJ James D. Kempler, Jr. issued a decision denying benefits to Newsome. [Transcript (Tr.), pp. 12-25] The ALJ concluded that

Newsome retained the residual functional capacity to perform a significant, if not full, range of light work. [Tr., p. 22] Profitt's request for review was denied by the Appeals Council on June 28, 2005. [Tr., pp. 5-7]

At the time of the administrative hearing, Newsome was a 34-year-old individual with a high school education. [Tr., p. 16] She has past work experience as a control arm operator, press operator, cashier and waitress. [*Id.*] Newsome alleges a disability beginning May 8, 2002, due to carpal tunnel syndrome and epicondylitis in her elbows, among other symptoms. [*Id.*] After a careful review and evaluation of the medical evidence of record and testimony at the hearing from the Claimant and the VE, the ALJ found that Newsome had the residual functional capacity to perform a significant range of light work. Specifically, he concluded that Newsome was limited to "lifting 20 pounds maximum and should not push/pull greater than 5 pounds." [Tr. p. 20] She should also avoid "repetitive movement of both wrists. . . and moderate exposure to vibration and cold." [*Id.*] Based on these findings, the ALJ determined that Newsome was not disabled within the meaning of the Social Security Act and regulations. [Tr., p. 23]

## II.     LEGAL STANDARD

A claimant's social security disability determination is made by an ALJ in accordance with a five-step analysis. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. First, a claimant must demonstrate that she is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 416.920(b). Second, a claimant must show that she suffers from a severe impairment. 20 C.F.R. § 416.920(c). Third, if the claimant is not engaged in substantial

gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual function capacity (RFC) and relevant past work to determine if she can do past work. If she can, she is not disabled. 20 C.F.R. § 416.920(f).

Under the fifth step of this analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider her RFC, age, education and past work experience to determine if she can perform other work. If she cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 416.920(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002), (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Wyatt v. Sec'y of Health and Human Services*, 974 F.2d 680, 683 (6th Cir. 1992). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Garcia v. Sec'y of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Credibility


determinations are particularly within the province of the ALJ. *Gooch v. Sec'y of Health and Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Services*, 818 F.2d 461, 464 (6th Cir. 1987).

### III.   ANALYSIS

Newsome raises one claim in this action. She argues that the ALJ failed to take into consideration the lay witness testimony of a non-medical source, pursuant to 20 C.F.R. § 416.913(d)(4). Specifically, Newsome notes that the ALJ's decision failed to indicate whether he considered the third party function report which contained statements of Newsome's husband in which he offered his opinions as to his wife's disabled status.

In response, the Commissioner argues that, although the ALJ did not specifically address the statements of Newsome's husband in his decision, he did not err in failing to "spell out" the weight he attached to the lay witness testimony. The Commissioner notes that the ALJ stated in his opinion that he had "consider[ed] the entire record" in determining whether Newsome was disabled and that in accordance with the Sixth Circuit's decision in *Higgs v. Bowen*, 880 F.2d 860 (6th Cir. 1988), this was sufficient. [Tr., p. 22]

In *Higgs*, the court held that the Appeals Council did not err by failing to "spell out" in its opinion the weight it attached to lay witness testimony where the Appeals Council stated in its opinion stated that it "considered the entire record which was before administrative law judge, including the testimony at the hearing." While Newsome acknowledges the *Higgs* decision, she argues that it is not dispositive of the issue in the instant case. She notes that, since *Higgs*, the regulations have been modified "to include a clearer statement about the consideration of

evidence from sources other than 'acceptable medical sources.'" [Record No. 9, p. 4]  In response, the Commissioner asserts that even though *Higgs* was decided prior to the clarification of the regulations in 2000, it remains good law.

The regulations provide, in relevant part, that "[i]n addition to evidence from the acceptable medical sources . . . [the SSA] *may* also use evidence from other sources to show the severity of [a claimant's] impairment(s) and how it affects [the claimant's] ability to work . . ."  *See* 20 C.F.R. 416. 913(d) (emphasis added).[1]  The language of the regulations is permissive.  Thus, an ALJ is not required to consider lay witness or other non-medical source to determine a claimant's capacity to work.

In *Lashley v. Secretary of Health and Human Servs.*, 708 F.2d 1048, 1054 (6th Cir. 1983), the Sixth Circuit held that "[p]erceptible weight must be given to lay testimony where . . . it is fully supported by the reports of the treating physicians."  In the instant case, the medical evidence of record does not support the degree of limitation alleged by Newsome's husband.  His statements are merely duplicative of Newsome's allegations and are unsupported and inconsistent with the medical and other evidence.  Newsome's husband alleged that his wife "couldn't grasp things." [Record No. 9, p. 3]  However, contrary to this allegation, the ALJ noted in his opinion that Newsome had received limited treatment for these alleged ailments.  Specifically, while Newsome's husband alleged his wife could not grip with her hands, she had not been seen by her hand surgeon since March 2003, nor had she taken pain medication in the

---

[1]  Although the SSA clarified the regulations in 2000, the agency did not amend the regulations to provide that ALJs were required to consider and discuss a non-medical sources' opinion when it is contrary to, or inconsistent with, the medical evidence of record.

last 2 years. [Tr. p. 20] Newsome also alleged a number of ailments of which her husband made no mention, but the ALJ found these allegations not to be credible based on the evidence of treatment in the record. [Tr. pp. 16-20]

Given that Newsome's husband's statements regarding his wife's functional limitations are not support by the evidence of record, the ALJ did not err in failing to give "[p]erceptible weight" to his statements as set forth in the third party function report.

### IV.    CONCLUSION

After reviewing the briefs submitted by the parties and the record before the ALJ, the Court finds that the evidence of record supports the findings of the ALJ and that the ALJ's opinion is supported by substantial evidence. Accordingly, it is hereby

**ORDERED** as follows:

1.   Claimant's Motion for Summary Judgment [Record No. 9] is **DENIED**;

2.   The Commissioner's Motion for Summary Judgment [Record No. 10] is **GRANTED**; and

3.   The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 26th day of January, 2006.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge